**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUDENCIO M.-M.,<br>(A-Number: 221-486-298),<br><br>        Petitioner,<br><br>    v.<br><br>RON MURRAY, *et al.*,<br><br>        Respondents. | Case No. 1:26-cv-03667 JLT FJS (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; ORDERING RESPONDENTS TO PROVIDE A BOND HEARING<br><br>(Doc. 9) |

Petitioner Audencio M.-M, a federal immigration detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 12, 2026, while in custody of the Immigration and Customs Enforcement at the Mesa Verde Detention Center. (Doc. 1.) The current record indicates that Petitioner is a citizen of Guatemala who has resided in the United States for 20 years, has no criminal record, and has two U.S. Citizen children, one of whom has a serious heart condition that requires constant parental supervision. (*Id*., ¶¶ 2, 12, 13.) Petitioner encountered immigration officials for the first time on January 7, 2026, when he was detained by ICE. (*Id*., ¶¶ 2, 11.)

On May 27, 2026, the magistrate judge issued findings and recommendations to grant the Petition and order Petitioner's immediate release. (Doc. 8.) The same day, Respondents filed boilerplate objections. (Doc. 9.) Petitioner filed a response on June 8, 2026. (Doc. 10.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis in part. The Court concurs with the magistrate judge that habeas relief is warranted. However, the Court departs as to the appropriate remedy because Petitioner has not yet been formally evaluated by any immigration authority regarding his flight risk or danger to the community. For this reason, Petitioner's circumstances are materially indistinguishable from other cases in which this Court has granted bond hearings to individuals who have resided in the United States for various periods of time without ever interacting with immigration officials prior to their challenged detention. *See, e.g.*, *R.P.V. v. Wofford*, No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Lopez v. Chestnut*, No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887, at *1 (E.D. Cal. Mar. 6, 2026). In addition, the Court will require Respondents to comply with the procedures articulated in *Chubb v. Current or Acting Field Off. Dir., San Francisco Field Off., United States Immigr. & Customs Enf't*, No. 1:26-CV-03251 JLT EPG (HC), 2026 WL 1506858, at *1 (E.D. Cal. May 29, 2026) (citing *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026)), because there is no evidence that Respondents have yet obtained an administrative warrant or provided Petitioner any kind of initial custody determination.[1] Thus, the Court **ORDERS**:

1. The findings and recommendations (Doc. 8) issued on May 27, 2026, are **ADOPTED IN PART**.

2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

3. Respondents' motion to dismiss (Doc. 6) is **DENIED**.

4. **Within 48 hours of this order**, Respondents **SHALL** undertake an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

5. Thereafter, if Petitioner is not released, and no arrest warrant has been issued,

---

[1] The Court notes that Respondents fail to rebut Petitioner's assertion (Doc. 1, ¶ 18) that he is not a danger to the community or a flight risk.

2

Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

6. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing. If Respondents fail to provide the bond hearing within the timeframe outlined above, they **SHALL** release Petitioner.

7. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[2]

8. The Clerk of Court is directed to serve the Mesa Verde Detention Center with a copy of this Order and to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: **June 10, 2026**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

---

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.